**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-mc-0190-WJM-MEH

B.V. REOMIE AUTHOMATERIAAL,

      Plaintiff,

v.

IDE INVEST AND REAL ESTATE, LLC,

      Defendant.

AUTOMATTIC, INC.,

      Interested Party.

---

**ORDER VACATING REPORT AND RECOMMENDATION
AND DENYING MOTION TO QUASH**

---

Before the Court is the October 25, 2022, Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation") (ECF No. 11) to deny Defendant IDE Invest and Real Estate, LLC's ("Defendant") Motion to Quash Subpoena ("Motion") (ECF No. 1). For the reasons stated below, the Recommendation is vacated and the Motion is denied.

**I. BACKGROUND**

Plaintiff B.V. Reomie Authomateriaal ("Plaintiff") sued Defendant in the District of Wyoming, claiming intentional interference with prospective economic advantage and intentional misrepresentation. (ECF No. 11 at 1.) When Defendant failed to appear, Plaintiff obtained a default judgment in its favor for approximately $5.8 million. (*Id.*) Plaintiff then sought post-judgment discovery to enforce the District of Wyoming's

judgment and, relevant here, subpoenaed nonparty Automattic, Inc.  (*Id.*)  Though the subpoena was issued by the District of Wyoming, it required production of information to Plaintiff's lawyer in Fort Collins, Colorado on August 15, 2022.  (*Id.* at 2.)

Defendant appeared in the District of Wyoming and timely filed a motion to quash the subpoena in the District of Wyoming.  (*Id.*)  On September 8, 2022, Chief United States Magistrate Judge for the District of Wyoming Kelly H. Rankin denied the motion to quash without prejudice for lack of jurisdiction.  (*Id.*)  Chief Judge Rankin determined that enforcement jurisdiction lies with the District of Colorado and gave Defendant leave to refile its motion in the District of Colorado.  (*Id.*)  On September 30, 2022, Defendant filed the Motion in this District.  (ECF No. 1.)

## II. THE RECOMMENDATION

On October 25, 2022, Judge Hegarty issued the Recommendation.  For purposes of the Recommendation, Judge Hegarty assumed Defendant has standing to oppose the subpoena and that the motion to quash was timely filed in this District.  (*Id.* at 3.)  The Recommendation, instead, turned entirely on the fact that Defendant had appeared in the District of Wyoming and was seeking relief from the default judgment. (*Id.*)  Because that motion was then pending before the District of Wyoming, Judge Hegarty determined that the subpoena was potentially premature.  (*Id.*)  Therefore, he recommended granting the motion to quash.  (*Id.*)

On November 11, 2022, United States District Judge Scott W. Skavdahl of the District of Wyoming denied Defendant's motion for relief from the default judgment. (ECF No. 14-1.)  Because the pendency of Defendant's motion was the entire basis for the recommendation to grant the Motion, the Court concludes that it must vacate the

Recommendation and consider the Motion anew.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a written objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).

### IV. ANALYSIS

Chief Judge Rankin in the District of Wyoming did not rule on the initial motion to quash until after the time specified for compliance had passed.  (ECF No. 10 at 2.)  Therefore, the Court agrees with Plaintiff that its failure to comply with a strict construction of Rule 45(d)(2)(B) should be excused.  (*See id.*)  Nevertheless, Plaintiff fails to adequately explain why it took 22 days to "refile" the Motion in this District.

Rule 45 provides *at most* 14 days to file a written objection to a subpoena.  Fed. R. Civ. P. 45(d)(2)(B).  Presumably, the Rules' drafters envisioned that this timeline would include tasks like locating counsel, getting that counsel up-to-date on the matter, and preparing and filing a motion.  Yet, Plaintiff claims that the need to perform precisely these tasks justify the 22-day gap between Chief Judge Rankin's order and when it filed the Motion in this District.  (ECF No. 10 at 2 ("Upon ruling by the Wyoming Court on September 8, 2022—well after the compliance deadline under the subpoena had passed—Defendant was then required to (1) locate new counsel in Colorado, (2) brief that counsel, and (3) prepare/file a subsequent Motion to Quash with the Colorado Federal District Court.").)  This delay is made even more perplexing by Defendant's characterization of the Motion a merely "refiling" the motion Chief Judge Rankin denied without prejudice.  (ECF No. 1 at 3.)  If the work of preparing the motion was already

done, a 22-day delay is even less justifiable.

The Court acknowledges authority stating that a waiver of a "privilege should not be imposed based merely on a party's failure to assert [an] objection within the time provided by the federal rules." *Pham v. Hartford Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000). However, the Court does not address the more limited circumstances under which a privilege may be waived because Plaintiff does nothing more than baldly assert that the subpoena calls for privileged information. Rather than explaining, in general terms, what the materials are and which privilege applies to them, Plaintiff simply asserts the subpoena "broadly seeks information that is irrelevant, privileged and/or confidential."[1]  (ECF No. 1 at 6.)

Therefore, the Court concludes the Motion is untimely.

## V. CONCLUSION

For the reasons explained above, the Court ORDERS that the Recommendation (ECF No. 11) is VACATED and the Motion to Quash Subpoena (ECF No. 1) is DENIED.

Dated this 15th day of September, 2023.

BY THE COURT:

William J. Martinez
Senior United States District Judge

---

[1] The Court notes that the Motion *does* explain why Plaintiff thinks the requested information is irrelevant or confidential.  (*See* ECF No. 1 at 6–7.)